**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**FILED**

Jeffrey A. Apperson, Clerk

FEB 2 4 2005

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

CIVIL ACTION NO. 01-464-C

PAUL A. LICHTEFELD,                                                          **PLAINTIFF,**

VS.                          <u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

**LAW ENGINEERING,**                                                  **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

**MEMBERS OF THE JURY:**

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

# INSTRUCTION NO. 2

Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

INSTRUCTION NO. 3

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "Evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollections and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 4

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to a witness's testimony. In weighing the testimony of a witness you should consider the witness's relationship to the plaintiff or to the defendant; the witness's interest, if any, in the outcome of the case; the witness's manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

INSTRUCTION NO. 5

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 6

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- that person is called an expert witness -- is permitted to state an opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

INSTRUCTION NO. 7


Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

INSTRUCTION NO. 8

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence."   A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.

INSTRUCTION NO. 9

The plaintiff in this action, Paul Lichtefeld, claims that the defendant, Law Engineering, failed to keep the premises in a neat and orderly condition or to return the entire leased premises, including the Heating and Air Conditioning system, in as good a condition as it was when the defendant took possession of the leased premises, except for normal wear and tear.

If you find that the plaintiff, Paul Lichtefeld, has proven, by a preponderance of the evidence, that the defendant, Law Engineering, failed to keep the premises in a neat and orderly condition or to return the leased premises to the plaintiff at the end of the lease in as good a condition as it was when the defendant took possession of the leased premises for any reason other than normal wear and tear, then your answer to Interrogatory 1 is "No," you have found for the plaintiff, Paul Lichtefeld, on this interrogatory, and you must decide the amount of actual damage the plaintiff suffered, if any, as a result of the defendant's breach of the lease.

If you find that the plaintiff has failed to prove, by a preponderance of the evidence, that the defendant, Law Engineering, failed to keep the premises in a neat and orderly condition or to return the leased premises to the plaintiff at the end of the lease in as good a condition as it was when the defendant took possession of the leased premises for any reason other than normal wear and tear, then your answer to Interrogatory 1 is "Yes," and you have found for the defendant, Law Engineering, on this interrogatory.

INSTRUCTION NO. 10

In addition to the defendant's duty set forth in Instruction 9, the defendant was required to exercise ordinary care in maintaining and repairing the Heating and Air Conditioning System.  The plaintiff, Paul Lichtefeld, claims that the defendant, Law Engineering, failed to maintain and repair the Heating and Air Conditioning system, in violation of a provision of the lease.

"Ordinary care" means such care as you would expect an ordinarily prudent person to exercise in a given situation.

If you find that the plaintiff has proven, by a preponderance of the evidence, that Law Engineering failed to exercise ordinary care in maintaining and repairing the Heating and Air Conditioning system, then your answer to Interrogatory 2 is "No," you have found for the plaintiff, Paul Lichtefeld, on this interrogatory, and you must decide the amount of actual damage the plaintiff suffered, if any, as a result of the defendant's breach of the lease.

If you find that the plaintiff has not proven, by a preponderance of the evidence, that Law Engineering failed to exercise ordinary care in maintaining and repairing the Heating and Air Conditioning system, then your answer to Interrogatory 2 is "Yes," and you have found for the defendant, Law Engineering, on this interrogatory.

INSTRUCTION NO. 11

If you find for the plaintiff, Paul Lichtefeld, you will determine from the evidence and award him the actual damages he suffered, if any, as a result of the defendant's failure to keep the premises in a neat and orderly condition or to return the entire leased premises, including the Heating and Air Conditioning system, in as good a condition as it was when the defendant took possession of the leased premises, for any reason other than normal wear and tear and/or the actual damages resulting from the defendant's failure to exercise ordinary care in maintaining and repairing the Heating and Air Conditioning system, if any. The plaintiff may not receive a windfall or double recovery.

In this case, actual damages may mean one or more of the following:

(1)    (a)    the reasonable cost of restoring the premises to a condition comparable to the condition of the premises at the beginning of the lease, except for normal wear and tear; and/or

(b)    the reasonable cost of restoring the Heating and Air Conditioning system to the same condition as immediately before it was damaged by the defendant's failure to use ordinary care in its repair and maintenance;

------- OR -------

(2)    the difference between the fair market value of the leased premises and the sales price the plaintiff accepted.

"Fair market value" is the price that a person who is willing but not compelled to buy would pay and a seller who is willing but not forced to sell

would accept for the property in question.

INSTRUCTION NO. 12

You should not interpret the fact that I have given you instructions concerning the issue of the plaintiff's damages as an indication that I believe the plaintiff should, or should not, prevail in this case.  It is your task first to decide whether the defendant is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

INSTRUCTION NO. 13

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 14

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and speak for you here in court.  A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the Marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

INTERROGATORY 1

Do you believe that Law Engineering returned the entire leased premises, including the Heating and Air Conditioning system, in as good a condition as it was when Law Engineering took possession of the premises, except for normal wear and tear?

ANSWER:   YES _____

NO _____

FOREPERSON SIGNATURE _____

DATE_____

After you have unanimously answered Interrogatory 1, please move on to Interrogatory 1a.

INTERROGATORY 1a


Do you believe that Law Engineering kept the premises in a neat and

orderly condition?

ANSWER:    YES _____

NO _____




FOREPERSON SIGNATURE _____

DATE _____

After you have unanimously answered Interrogatory 1a, please move on to

Interrogatory 2.

INTERROGATORY 2


Do you believe that Law Engineering used ordinary care in maintaining and repairing the Heating and Air Conditioning system?


ANSWER:   YES _____

NO _____



FOREPERSON SIGNATURE _____

DATE_____

If your unanimous answers to Interrogatories 1 AND 1a AND 2 were "Yes," you have found in favor of the defendant, Law Engineering.  Please proceed to Verdict Form 2.

If you answered "No" to either Interrogatory 1, Interrogatory 1a, or Interrogatory 2 or all three, please move on to Verdict Form 1.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO.

PAUL A. LICHTEFELD,                                                           PLAINTIFF,

VS.                          **VERDICT FORM 1**

LAW ENGINEERING,                                                          DEFENDANT.

* * * * * * * * * *

Will the jury please complete either A or B below:

A.  We, the Jury, find in favor of the plaintiff, Paul Lichtefeld, and award him the

sum of $_____ (not to exceed $300,000) in damages for

the difference in fair market value, as defined in paragraph 2 of Instruction 11 .

------------OR-------------

B.  We, the Jury, find in favor of the plaintiff, Paul Lichtefeld, and award him the

following:

Cost of restoring the premises, as defined in
paragraph (1)(a) of Instruction 11
(not to exceed $47,730.00).                                   $_____

Cost of restoring the Heating and Air Conditioning
system, as defined in paragraph (1)(b) of
Instruction 11, (not to exceed $51,005.00).                   $_____

Total  $_____

FOREPERSON SIGNATURE _____

DATE _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO.**

**PAUL A. LICHTEFELD,**                                              **PLAINTIFF,**

**VS.**                            **VERDICT FORM 2**

**LAW ENGINEERING,**                                      **DEFENDANT.**

* * * * * * * * * *

We, the Jury, find in favor of the defendant, Law Engineering.

FOREPERSON SIGNATURE _____

DATE _____